UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GIORGIOS KONSTANTINIDIS,
    Plaintiff,

v.

FIRST STUDENT, INC.,
    Defendant.

No. 3:14-cv-00844 (JAM)

**ORDER DENYING MOTION TO REMAND**

Following defendant's removal of this case from state court, plaintiff has moved to remand for lack of federal subject matter jurisdiction. The parties agree that there is diversity of citizenship, but disagree over whether the amount-in-controversy requirement has been met, because the plaintiff has not explicitly alleged an amount greater than $75,000. In order to exercise jurisdiction on the basis of diversity when an action has been removed from state court, the Court must find by a preponderance of the evidence that the amount in controversy exceeds $75,000. 28 U.S.C. § 1446(c)(2)(B); 28 U.S.C. § 1332(a). Where, as here, plaintiff has declined to stipulate as to the amount in controversy, the Court must "conduct an evidentiary inquest" to determine whether the requirement has been met, looking at evidence outside the pleadings where necessary. *Luce v. Kohl's Dep't Stores, Inc.*, 2014 WL 2169000, at *2 (D. Conn. 2014).

Plaintiff sues under a Connecticut statute that creates a cause of action for an employee who has been discharged or discriminated against for having filed a workers' compensation claim. Conn. Gen. Stat. § 31-290a(b)(1). The employee may seek reinstatement, payment of back wages, reestablishment of employee benefits, and any other damages (including punitive

1

damages), as well as a mandatory award of reasonable attorneys' fees to a prevailing employee. *Ibid.*

Defendant has easily carried its burden to show an amount in controversy that is more than $75,000. Plaintiff's salary for the last two years of his employment totaled over $110,000, and plaintiff has provided no suggestion of any other employment during the two years during which he was allegedly able but not allowed to return to work. Back pay alone for that period would more likely than not satisfy the amount-in-controversy requirement, before considering any damages for emotional distress, punitive damages, and reasonable attorneys' fees (which may be used to satisfy the amount in controversy when recoverable as a matter of statutory right, *Kimm v. KCC Trading, Inc.*, 449 F. App'x. 85, 85–86 (2d Cir. 2012)).

When a plaintiff refuses to stipulate as to whether she will seek damages in excess of $75,000, and defendant cites to damages awards exceeding $75,000 in other similar cases, a court may find that the defendant has met its burden as to the amount in controversy. *Semack v. 35 Hamden Hills Drive, LLC*, 2013 WL 395486, at *2 (D. Conn. 2013). Defendant persuasively points to three cases in which plaintiffs have recovered more than $75,000 under the same statute. *See Sorrrentino v. All Seasons Servs., Inc.*, 245 Conn. 756, 772 (1998) (affirming a judgment of $115,000 for emotional distress and directing the trial court to award approximately $50,000 in attorneys' fees); *Oakes v. New England Dairies, Inc.*, 219 Conn. 1, 11 (1991) (affirming a judgment of $165,000 for economic damages and mental/emotional distress and $40,000 in attorneys' fees); *Lapre v. W&K Property Servs., LLC*, 2014 WL 783653, at *4 (Conn. Super. Ct. 2014) (awarding $52,040 for back pay of wage loss minus earnings in other employment, and nearly $80,000 in attorneys' fees).

Therefore, I find that defendant has established by a preponderance of the evidence that the amount in controversy exceeds $75,000. Defendant's motion to remand is DENIED.

It is so ordered.

Dated at Bridgeport this 16th day of December 2014.

/s/
Jeffrey Alker Meyer
United States District Judge